CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 10 2014

JULIA C. ___, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHAN RAY KAUFFMAN, | ) | CASE NO. 7:13CV00562 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WESTERN VIRGINIA REGIONAL JAIL, | ) | |
| ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

Nathan Ray Kauffman, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that plastic food containers and plumbing at a local jail have caused him to develop kidney stones. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Kauffman is an inmate at the Western Virginia Regional Jail ("the jail"). Kauffman sues Oasis, a food product vendor; Trinity, the jail's food service provider; and Design Specialty, Inc., a manufacturer of food service items, for failing to warn users of the dangers of storing, heating, and serving food in the plastic food containers they manufacture or utilize. Kauffman alleges that chemical compounds in the plastics are hazardous to human health and make their way into food items sold at the commissary or served by Trinity employees to jail inmates. He alleges that many of the Design Specialty Duralux plastic trays and cups used at the jail deteriorate with heavy use or overheating, allowing hazardous chemicals or bits of plastic to transfer to inmates' food. Kauffman complains that these companies know of the dangers their products present, but do not issue sufficient warnings to users on how to alleviate these risks.

Kauffman also sues the jail and several of its officials, alleging that they know of the risks posed by plastic food containers, particularly because these products deteriorate from overheating, but that the officials do nothing to alleviate the resulting health risks to inmates who are eating food from these containers. Kauffman also complains that the jail's PVC plastic plumbing causes health risks. He particularly complains about the chemicals "BPA" and "melamine," which have allegedly been linked to an increased risk of cancer and kidney problems. Kauffman asserts that he has unwillingly ingested harmful chemicals from all these plastic products at the jail and has developed painful kidney stones. As relief in this civil action, Kauffman seeks monetary damages and protection from the dangers of these plastic products.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

As a preliminary matter, Kauffman cannot proceed with his claim against the jail itself. Simply put, the jail is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of

State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983). Therefore, Kauffman's claims against the jail must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

Second, Kauffman fails to state facts supporting any actionable claim against Oasis or Design Speciality. It is doubtful that Kauffman could state facts showing that either of these defendants, by merely selling their products and services at a prison as opposed to a supermarket, was acting under color of state law so as to be subject to suit under § 1983. West, supra. Even if they could be qualified as state actors, however, Kauffman alleges nothing more than negligent oversight by these defendants—failure to warn users of the potential, alleged risk created by long-term storage or high temperature heating of foods in their products. Possible negligence by officials simply does not give rise to any constitutional claim actionable under § 1983. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections). The court will summarily dismiss without prejudice Kauffman's claims against Oasis and Design Specialities, pursuant to § 1915A(b)(1), as legally frivolous.

Third, Kauffman fails to state facts giving rise to a constitutional claim against anyone. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). To prove a constitutional claim related to an unsafe jail condition, Kauffman must show that each defendant acted with deliberate indifference–that they each knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S.

825, 835-37 (1994). Kauffman must also show that he has sustained a serious or significant mental or physical injury as a direct result of the challenged condition, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that his "continued, unwilling exposure to the challenged condition[ ] creates a substantial risk of such harm," see Helling v. McKinney, 509 U.S. 25, 31 (1993).

Kauffman's claims against the remaining defendants fail under both facets of the Eighth Amendment standard. At the most, Kauffman makes vague and conclusory assertions that he has ingested harmful chemicals such as BPA and melamine as a result of exposure to plastics at the jail and that these chemicals caused his kidney stones. This speculative sequence of causation is completely without factual support. Kauffman cites no specific evidence on which he could prove that he has, in fact, been diagnosed with kidney stones or prove that this condition resulted from chemical poisoning after using plastics, rather than from some completely different factor or set of factors, such as genetics or failure to drink sufficient amounts of water.

More importantly, Kauffman states no facts suggesting that officials at the jail or at Trinity knew that using commonplace plastic trays and other utensils as they do placed inmates at any substantial risk of suffering any adverse effects whatsoever, let alone kidney stones. Indeed, Kauffman's submissions indicate that jail officials have obtained documentation that their plastic trays meet federal health standards, that they do not contain BPA, and that the jail's plumbing is copper, not PVC plastic, as Kauffman fears. Kauffman's nebulous worries and unverified accusations about the jail's plastic products simply do not raise any of his claims from mere speculation to facial plausibility as required to state any actionable claim under Bell Atl. Corp., 550 U.S. at 570. The food service company and its employees, as well as jail officials, are

entitled to rely on federal standards of safety in choosing food containers. Because Kauffman fails to offer any facts supporting a finding of deliberate indifference by any of the defendants he sues, the court concludes that he states no actionable constitutional claim,[1] and his complaint must be summarily dismissed under § 1915A(b)(1) as factually and legally frivolous. An appropriate order will enter this day.

For the reasons stated, the court dismisses Kauffman's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 10th day of March, 2014.

_____
Senior United States District Judge

---

[1] To the extent that Kauffman may be attempting some claim against one or more of the defendants under state law, such claims must also be dismissed. Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Any state law claim is thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over such claims in this action. See 28 U.S.C. § 1367(c). The court will summarily dismiss all such claims without prejudice.